## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FEDERATED BANK,          )
                                )
                                )       **CIVIL ACTION FILE**
             **Plaintiff,**    )       **NO. 1:10-CV-02316-CAP**
**v.**                        )
                                )
**SILVERTON BRIDGE BANK,**   )
**NATIONAL ASSOCIATION,**    )
                                )
                                )
             **Defendant.**    )
_____ )

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF
## SILVERTON BRIDGE BANK, N.A.

SILVERTON BRIDGE BANK, N.A. ("Defendant"), Defendant in the above-styled civil action, files this Answer and Affirmative Defenses showing the Court as follows:

### FIRST DEFENSE

Each of the claims set forth in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Each of the claims set forth in Plaintiff's Complaint is barred in whole or in part because no privity of contract exists between Plaintiff and Defendant

## THIRD DEFENSE

Each of the claims set forth in the Complaint is barred in whole or in part because the Defendant's conduct did not actually or proximately cause any of the losses or damages allegedly sustained by Plaintiff.

## FOURTH DEFENSE

Each of the claims set forth in the Complaint is barred in whole or in part by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiff's claims are barred by Fed.R.Civ.P 12(B)(7) by reason of the failure to join a party whose ability to protect its interest in the subject matter of this action will be impaired or impeded and, may also subject Defendant to a substantial risk of incurring multiple or inconsistent obligations as a result of the award of the relief sought herein.   Fed.R.Civ.P. 19(1)(B). Non-party American Trust & Savings Bank holds a 32.7054219% interest in the secured loan for which Plaintiff claims an identical percentage interest.   American Trust paid value pursuant to a Participation Agreement identical to the instrument under which Plaintiff claims entitlement to equitable relief against the collateral securing the subject loan.

## SIXTH DEFENSE

Each of Plaintiff's claims in the Complaint are barred in whole or in part to the extent they are precluded or limited by federal law against a federal depository institution in Receivership.

## SEVENTH DEFENSE

Plaintiff's claims for relief are barred against Defendant as a matter of law pursuant to 12 U.S.C. § 1821(n)(4)(I).

## EIGHTH DEFENSE

For its answers to the individually numbered allegations in the Complaint, Defendant states as follows:

## JURISDICTION AND VENUE

1.

Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant admits only that venue and jurisdiction are proper in this judicial district and that it has been july served with a copy of the Complaint, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendant admits that this Court has subject-matter jurisdiction, but denies the remaining allegations of Paragraph 3 of the Complaint.

## STATEMENT OF FACTS

4.

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the averments of Paragraph 5 to the extent that the instrument referenced therein recite an amount of Collateral in excess of that alleged.

6.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint, which has the effect of a denial.

7.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint, which has the effect of a denial.

8.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint, which has the effect of a denial.

9.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, which has the effect of a denial.

10.

Responding to Paragraph 10 of the Complaint, Defendant admits that Exhibit 4 of the Complaint contains a Participation Agreement, the parties to which, and the terms and conditions of which, speak for themselves, and therefore no response is necessary.  To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, which has the effect of a denial.

11.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, which has the effect of a denial.

12.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, which has the effect of a denial.

13.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, which has the effect of a denial.

14.

Responding to Paragraph 14 of the Complaint, Defendant admits that Exhibit 5 of the Complaint contains a Participation Agreement, the parties to which and the terms and conditions of which speak for themselves, and therefore no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, which has the effect of a denial.

15.

Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant admits that Exhibits that as of May 1, 2009, Defendant entered

into an Insured Deposit Purchase and Assumption Agreement that pertained to the

assumption and purchase of certain liabilities and assets of Silverton Bank, N.A.

Defendant denies all other allegations contained in Paragraph 17 of the Complaint.

18.

Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 18 of the Complaint, which has

the effect of a denial.

19.

Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 19 of the Complaint, which has

the effect of a denial.

20.

Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 20 of the Complaint, which has

the effect of a denial.

21.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint, which has the effect of a denial.

22.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint, which has the effect of a denial.

23.

Responding to Paragraph 23 of the Complaint, Defendant shows that this paragraph contains no allegations of fact but instead contains only legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint, which has the effect of a denial.

24.

Responding to Paragraph 24 of the Complaint, Defendant shows that this paragraph contains no allegations of fact but instead contains only legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations contained in Paragraph 24 of the Complaint, which has the effect of a denial.

25.

Responding to Paragraph 25 of the Complaint, Defendant shows that this paragraph contains no allegations of fact but instead contains only legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint, which has the effect of a denial.

26.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint, which has the effect of a denial.

27.

Responding to Paragraph 27 of the Complaint, Defendant shows that this paragraph contains no allegations of fact but instead contains only legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, which has the effect of a denial.

28.

Responding to Paragraph 28 of the Complaint, Defendant shows that this paragraph contains no allegations of fact but instead contains only legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint, which has the effect of a denial.

29.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint, which has the effect of a denial.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint, which has the effect of a denial.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT I

## **BREACH OF CONTRACT**

37.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 36 of the Complaint.

38.

Defendant denies that it had any obligation to administer the Participation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 38 of the Complaint, which has the effect of a denial.

39.

Defendant denies that it had any obligation to Federated.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 39 of the Complaint, which has the effect of a denial.

40.

Defendant denies that it had any obligation to Federated.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 40 of the Complaint, which has the effect of a denial.

41.

Defendant denies that it had any obligation to Federated.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 41 of the Complaint, which has the effect of a denial.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II

## EQUITABLE MODIFICATION OF CONTRACT

43.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 42 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT III

## EQUITABLE PARTITION

49.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 48 of the Complaint.

50.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint, which has the effect of a denial.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of the Complaint, which has the effect of a denial.

54.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint, which has the effect of a denial.

55.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint, which has the effect of a denial.

## COUNT IV

## SPECIFIC PERFORMANCE

56.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 55 of the Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

### 58.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint, which has the effect of a denial.

### 59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint.

### 60.

Defendant shows that Paragraph 60 of the Complaint sets forth no well-pled statement or allegation of fact, with the result that no response is required of this Defendant. To the extent a response is deemed required, Defendant admits that Plaintiff has requested relief against Defendant in this action, but shows that Defendant has no liability to Plaintiff.

**COUNT V**

**FRAUD**

### 61.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 60 of the Complaint.

62.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint, which has the effect of a denial.

63.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint, which has the effect of a denial.

64.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint, which has the effect of a denial.

65.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint, which has the effect of a denial.

66.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint, which has the effect of a denial.

67.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Complaint, which has the effect of a denial.

## COUNT VI

## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

68.

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 – 67 of the Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of the Complaint.

Defendant denies all other allegations contained in the Complaint not expressly admitted herein, including Plaintiff's requested relief contained in the *ad damnum* clause of its Complaint.

WHEREFORE, having fully answered the Complaint, Defendant Silverton Bridge Bank, N.A., prays that Plaintiff's Complaint be dismissed with prejudice with all costs cast against Plaintiff.

This 30th day of August, 2010.

Respectfully submitted,

/s/ David L. Turner
DAVID L. TURNER
Georgia Bar No. 004530
E-mail: dlt@swtlaw.com
Joseph L. Kelly
Georgia Bar No. 412967
Email: jlk@swtlaw.com

Counsel for Silverton Bridge Bank, N.A.

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 telephone
(404) 688-6840 facsimile

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **FEDERATED BANK,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **NO. 1:10-CV-02316-CAP** |
| **v.** | ) | |
| | ) | |
| **SILVERTON BRIDGE BANK,** | ) | |
| **NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized

by law to administer oaths, the below-named individual, who states on oath that he

is duly authorized by the Silverton Bridge Bank, N.A. to sign this Verification on

its behalf and that the facts contained in the above and foregoing Verified Answer

are true and correct to the best of his knowledge, information, and belief.

This _30 th_ day of August, 2010.

SILVERTON BRIDGE BANK, N.A.

By: _____

Title: _EXECUTIVE VICE PRESIDENT_ -

Sworn to and subscribed to this
_30th_ day of August, 2010.

_____
Notary Public

LAVERNA F. FEURT
MY COMMISSION EXPIRES
July 11, 2012

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **FEDERATED BANK,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **NO. 1:10-CV-02316-CAP** |
| **v.** | ) | |
| | ) | |
| **SILVERTON BRIDGE BANK,** | ) | |
| **NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and I further certify that I have this day served a copy of the within and foregoing **VERIFIED ANSWER AND DEFENSES OF SILVERTON BRIDGE BANK, N.A.** by using the court's CM/ECF electronic filing system upon the following:

Bret T. Thrasher                     Aaron M. Kappler
bthrasher@tokn.com            akappler@tokn.com

This 30th day of August, 2010.

/s/ David L. Turner
DAVID L. TURNER
Georgia Bar No. 004530
E-mail: dlt@swtlaw.com

Counsel for Silverton Bridge Bank, N.A.

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 telephone
(404) 688-6840 facsimile